IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERKS OFFICE
U.S.D.C. Atlanta

JUL 2 6 2006

LUTHER D. THOMAS, Clerk
By: Deputy Clerk

J.D. WRIGHT and KIMBERLY JANE WRIGHT,

    Plaintiffs,

v.

CASE CORPORATION,

    Defendant.

CIVIL ACTION NO.
1:03-CV-1618-JEC

**ORDER**

    This case is presently before the Court on various pretrial matters in the case. First, at the pretrial conference, the Court discussed with counsel and the parties the question whether prior incidents involving the type of machinery in question would be admitted. In order to have this evidence admitted, plaintiff was required to file a brief by June 12, 2006, addressing whether these prior incidents made the "substantial similarity" test. Plaintiff has filed no such brief and, accordingly, has abandoned this issue. Accordingly, no prior incidents involving this type of machinery will be admitted at trial.

    Second, at the Conference, the defendant had requested a

bifurcated trial to be divided into a trial on liability and, only if judgment was returned against the defendant, would a trial on damages occur. Defendant followed up with a brief [84], on June 12, 2006, setting out its reasons for this request. Defendant notes that plaintiff intends to offer very little evidence on the question of liability, but instead has named 31 witnesses, including several doctors, who would testify only as to damages. Defendant argues that, given that plaintiff is barely litigating the liability issue, plaintiff's entire case could cause the jury to ignore the initial question of liability and proceed immediately to the question of damages, both out of sympathy for the plaintiff and out of confusion as to what the issues in the case are.

The plaintiff has not responded to the defendant's motion. While the Court typically tries the question of liability and damages in a single trial, in this particular case, the defendant's argument is persuasive. As the Court noted at the Conference, it was a close question for the Court to deny the defendant's motion for summary judgment and, thus, plaintiff's assertion of liability against the defendant rests on a very thin reed. Given that fact and the fact that plaintiff's entire case consists almost solely of evidence concerning damages, the Court agrees that bifurcation of the trial will avoid potential jury confusion and distraction from the initial issue before them: liability.

Having bifurcated the trial, the Court notes, however, that it would present an incomplete story to the jury to prevent the plaintiff from relating to the jury what happened immediately after the accident occurred; that is, that the plaintiff suffered injuries to his head and body. That is, if the jury believes that the machinery allegedly malfunctioned, but that the plaintiff was not hurt, the jury may wonder why we are even having a trial. The Court will discuss with counsel, prior to opening statement on the date of the trial, how limited plaintiff's testimony will be concerning the injuries he suffered. The Court will not allow any other testimony, such as medical testimony, that goes to the issue of damages, however.

### CONCLUSION

For the foregoing reasons, the Court will exclude any evidence concerning prior similar incidents and **GRANTS** defendant's motion [84] to bifurcate the trial.

SO ORDERED, this 22 day of July, 2006.

_____
JULIE E. CANES
UNITED STATES DISTRICT JUDGE